```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

CLYDE RENAUD, ET AL                           CIVIL ACTION

VERSUS                                        NO: 08-5041

LIBERTY MUTUAL FIRE                           SECTION: "J" (4)
INSURANCE COMPANY
```

**ORDER AND REASONS**

Before the Court is the defendant's **Motion for Jury Trial (Rec. Doc. 13).** This motion, which is opposed, was set for hearing on April 15, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendant's motion should be granted.

**Background Facts**

This action arises out of damages allegedly sustained by the plaintiffs as a result of an automobile accident. Plaintiffs originally filed an action in the 22nd Judicial Court for the Parish of St. Tammany alleging that Clyde Renaud was injured in an automobile accident when the vehicle he was driving was

negligently struck by a vehicle operated by Nicholas Schamma, and that Mr. Renaud's spouse, Margaret Renaud, suffered a loss of consortium as a result. Subsequently, the matter was removed to this Court on December 1, 2008, by Liberty Mutual Fire Insurance Company ("Liberty"). On December 29, 2008, the defendant filed its Affirmative Defenses and Answer (Rec. Doc. 8). The defendant's answer did not request a jury trial. All parties participated in a preliminary conference with the case manager on February 12, 2009, following which the current Scheduling Order (Rec. Doc. 10) was issued. Subsequently, the defendant filed the current motion for a jury trial on March 20, 2009.

The plaintiffs did not request a jury trial in their original petition, nor did the defendant request a jury trial in its answer. In the present motion the defendant concedes that its request for a jury trial is untimely under Federal Rule of Civil Procedure 38, but asks the Court to exercise its discretion to order a trial by jury pursuant to Rule 39(b).

## The Parties' Arguments

The defendant requests a jury trial pursuant to Rule 39 and argues that a motion made under Rule 39 should generally be granted unless there are persuasive reasons why it should be denied. The defendant contends that no such reasons are present in this case. This case arises out of an automobile accident and

2

presents issues that are routinely tried to a jury. Further, the defendant argues that if the motion is granted it will not result in prejudice to any party. There has not been a long delay in requesting the jury trial, as the scheduling order was only recently issued. Additionally, the defendant contends that any delay that has taken place resulted merely out of inadvertence on the part of defendant's counsel. As a result, the defendant maintains that there are no compelling reasons to deny the request for a jury trial.

The plaintiffs oppose this motion arguing that there are compelling reasons to deny the motion. With regard to the defendant's first argument that the types of issues in this case are routinely tried to a jury, the plaintiffs contend that the applicable standard is whether the issues presented are "best tried to a jury," not whether they are "routinely tried to a jury." Plaintiffs maintain that factual disputes and claims in this case would best be tried to a judge and not a jury, and that the defendant has not shown that a jury would be the best finder of fact. The plaintiffs also argue that granting the defendant's motion will result in a disruption of this Court's trial schedule and also will likely impact plaintiffs' counsel's schedule if the trial date would have to be changed to accommodate a jury trial. In addition to scheduling issues, the plaintiffs argue that granting the motion will be prejudicial because it will require

plaintiffs' counsel to employ different tactics than those originally envisioned for trying this matter to a judge, including possibly selecting different expert witnesses. Moreover, the plaintiffs contend that the delay in filing this motion and requesting a jury trial was excessive. The motion was not filed until almost five months after the suit was filed, two months after the defendant's answer was filed, and over a month after the scheduling order was issued. Considering the circumstances, the plaintiffs assert that defense counsel's claimed inadvertence is in fact no mistake, but instead an attempt to change tactics. The plaintiffs support this claim by pointing to the fact that numerous attorneys are enrolled as counsel for the defendant, suggesting that with so many attorneys involved the fact that this case was not set for a jury trial should have been noticed sooner. As a result, the plaintiffs argue that there are compelling reasons to deny the motion.

The defendant filed a reply memorandum to argue that the delay in requesting a jury trial has not been excessive and that the plaintiffs' arguments in opposition are all based on speculation. The plaintiffs have not provided any evidence that this motion is not the result of inadvertence and have only asserted that the change to a jury trial may cause scheduling issues and may change the plaintiffs' trial strategy. The defendant contends that none of the plaintiffs' arguments present

a compelling reason not to grant the motion.

## **Discussion**

The Federal Rules of Civil Procedure address the right to a trial by jury in Rules 38 and 39. Federal Rule of Civil Procedure 38(a) provides: "The right of trial by jury as declared by the Seventh Amendment to the Constitution–or as provided by a federal statute–is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Rule 38(b) entitles a party to a jury trial on any issue triable by a jury if a demand is served "no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The "last pleading directed to such issue" has been construed to mean an answer to the complaint or counterclaim. In re Tex. Gen. Petroleum Corp., 52 F.3d 1330, 1339 (5th Cir. 1995). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

The plaintiffs did not request a trial by jury in their complaint, nor did Liberty request a jury trial in its answer. Furthermore, the present motion was not filed until March 20, 2009, one month after the issuance of a scheduling order and nearly three months after the defendant filed its answer. Consequently, the defendant has unequivocally waived its right to a jury trial pursuant to Rule 38(d).

However, Rule 39(b) provides that notwithstanding the

5

failure of a party to demand a jury trial in accordance with Rule 38, "the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b). Furthermore, "[t]he right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature in our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in absence of strong and compelling reasons to the contrary." Swoffard v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964), cert denied, 379 U.S. 962 (1965). Thus, a motion for trial by jury under Rule 39(b) "should be favorably received unless there are persuasive reasons to deny it." United States v. Unum, 658 F.2d 300, 303 (5th Cir. 1981)(citing Swoffard, 336 F.2d at 406).

The Fifth Circuit has recognized five factors that a district court should consider in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> 
> (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party;
> 
> (3) the degree of prejudice to the adverse party;
> 
> (4) the length of the delay before having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

See Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990).

Applying the Daniel factors to the present case, there are strong and compelling reasons to grant the defendant's motion for a jury trial. First, this is a personal injury action arising out of an automobile accident, and the issues presented are straightforward factual and legal issues routinely tried to juries. Plaintiffs argue that in Louisiana such cases are also routinely tried before judges. As such, plaintiffs contend that the defendant has failed to show that this case is "best tried to a jury." However, this Court has routinely found that the issues arising in a personal injury case such as this may just as easily be presented to a jury as to a judge. See e.g. Hueschen v. Nickert, No. 01-3605, 2002 WL 398772, at *2 (E.D. La. Mar. 13, 2002)(Barbier J.)(rejecting the argument that a personal injury action arising out of an automobile accident would best be tried by a judge, despite plaintiffs' contention that the case involved complex medical issues).

Second, granting the motion would not disrupt either the Court's schedule or that of the plaintiffs. The trial in this matter is not scheduled until Monday, October 5, 2009. Since the current trial date is one on which the Court may hear a jury

7

trial, the trial date will not be changed by granting the defendant's motion.

Third, granting the motion for a jury trial would result in little or no prejudice to the plaintiffs. Plaintiffs argue that if the motion is granted they may have to employ different tactics in prosecuting the case, including obtaining additional and different expert witnesses. However, the defendant has not made a request for a jury on the eve of trial. This motion was filed only one month after the scheduling order was issued. There is ample time remaining for all parties to prepare the case for a jury trial. See Veals v. Edison Chouest Offshore, Inc., No. 06-3776, 2006 WL 3422338, at *2 (E.D. La. Nov. 28, 2006)(Barbier J.).

Fourth, the delay in filing this motion for a jury trial was not excessive. This motion was submitted only one month after the Court's scheduling order was put in place. This Court has previously found that such a delay is not excessive and does not preclude granting a motion for a jury trial. See Veals, 2006 WL 3422338, at *2.

Finally, the defendant argues that the reason for the delay in filing this motion is the inadvertence of defendant's counsel. The plaintiffs suggest in their opposition that the "so-called inadvertence" is not by mistake, but instead is an attempt by the defendant to change tactics and manipulate this Court. The

plaintiffs provide no support for this argument other than to identify that several attorneys are enrolled as counsel for the defendant.  Even if this speculative argument is accepted, it would not control the outcome of the instant motion.  This Court has previously recognized that even when a party provides no reason for their delay other than inadvertence, this one factor will not justify the denial of a motion for a jury trial when a case is in a procedural posture similar to this case.  See <u>Veals</u>, 2006 WL 3422338, at *2; <u>Hueschen</u>, 2002 WL 398772, at * 2.  Accordingly,

**IT IS ORDERED** that the defendant's **Motion for Jury Trial (Rec. Doc. 13)** is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of April, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE